## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| ZACHARY DANIEL BURCH, <br><br> Plaintiffs, <br><br> vs. <br><br> EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; and PROCOLLECT, INC., <br><br> Defendant. | Civil Action No.: 1:26-cv-00155-HAB-ALT |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Zachary Daniel Burch, Defendant Equifax Information Services, LLC ("Equifax"), Defendant Trans Union LLC ("Trans Union") and Defendant ProCollect, Inc. ("ProCollect") (herein referred as "the Parties"), pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), move for the entry of a Protective Order in the form attached as Exhibit 1.

## MEMORANDUM OF LAW

The Seventh Circuit has emphasized the court's duty to examine proposed protective orders to prevent the parties from having complete control over the degree of public access. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). In *Citizens First National Bank*, the Seventh Circuit noted that the judge is required to make a determination of good cause to seal any part of the record of a case, and explained that "[t]he parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Id*. The court recognized that "pretrial discovery, unlike the trial itself, is usually conducted in private," but noted that "the public at large pays for the courts and therefore has an interest in what

1

goes on at all stages of a judicial proceeding." *Id*. at 944–45. The court explained that the public's interest "does not always trump the property and privacy interests of the litigants, but it can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id*. at 945 (citations omitted). The court emphasized: The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal. The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record. *Id*. (internal citation omitted).

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Miles v. BKP Inc.*, Civil Action No. 18-cv-01212-PAB-MEH, 2019 U.S. Dist. LEXIS 238024, at 2-3 (D. Colo. July 8, 2019). "As a general rule, the 'good cause' determination requires that the Court balance 'the party's need for information against the injury which might result from unrestricted disclosure.'" *Id*. at 3 (citations omitted). Moreover," the Court should consider any privacy interests and whether the case implicates issues important to the public." *Id*. He may not rubber stamp a stipulation to seal the record. Id. (internal citation omitted).

Here, the information that will likely be sought in discovery as this case progresses includes information about Defendant's processes for receiving, maintaining, and reporting confidential credit information.  Rather than burdening the Court and delaying discovery in this case by objecting to disclosure of such information and requiring a document-by-document review to determine confidentiality, the Parties seek an umbrella protective order which permits them to

designate certain information as confidential.  In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.

For the foregoing reasons, the Parties respectfully request the entry of the attached Protective Order.

Dated: June 23, 2026,

| | |
|---|---|
| _/s/ Austin Griffin_ | _/s/ Sylas A. Kern_ |
| Austin Griffin, FL #117740 | Sylas A. Kern, Bar No. 37288-10 |
| _Admitted Pro Hac Vice_ | skern@seyfarth.com |
| **CONSUMER JUSTICE LAW FIRM PLC** | SEYFARTH SHAW LLP |
| 8095 N. 85th Way | 233 South Wacker Drive, Suite 8000 |
| Scottsdale, AZ 85258 | Chicago, Illinois 60606-6448 |
| T: (305) 433-3252 | Telephone: (312) 460-5413 |
| F: (480) 613-7733 | Facsimile: (312) 460-7000 |
| E: agriffin@consumerjustice.com | |
| | _Counsel for Defendant Equifax Information Services, LLC_ |
| Mehak Rizvi, Bar #6341462 | |
| **CONSUMER JUSTICE LAW FIRM PLC** | _/s/Hope Blankenberger_ |
| 8095 N 85th Way | Hope Blankenberger, Esq. (IN# 381333-49) |
| Scottsdale, AZ 85258 | Quilling, Selander, Lownds, Winslett & Moser, P.C. |
| T: (602) 807-1519 | 10333 North Meridian Street, Suite 200 |
| F: (480) 613-7733 | Indianapolis, IN 46290 |
| E: mrizvi@consumerjustice.com | Telephone: 317-497-5600, Ext. 614 |
| | Fax: 317-899-9348 |
| _Attorneys for Plaintiff,_ | E-Mail: hblankenberger@qslwm.com |
| _Zachary Daniel Burch_ | |
| | _Counsel for Defendant Trans Union LLC_ |

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2026, I electronically filed the following document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Aaron Corral*