**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ZACHARY DANIEL BURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:26-cv-00155-HAB-ALT |
| | ) |
| EQUIFAX INFORMATION SERVICES, | ) |
| LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is a joint motion for entry of protective order (ECF 21), together with a proposed stipulated protective order (ECF 21-1), filed by the parties pursuant to Federal Rule of Civil Procedure 26(c). The motion (ECF 21) is GRANTED, and the proposed protective order (ECF 21-1) is APPROVED and ADOPTED as an Order of this Court, provided, however, that:

(1)     as set forth in ⁋ 7, the Order does not authorize either party to file or maintain any document under seal.[1] That is, NO DOCUMENT OR PORTION OF A DOCUMENT WILL BE MAINTAINED UNDER SEAL IN THE ABSENCE OF AN AUTHORIZING STATUTE, COURT RULE, OR FURTHER LEAVE OF COURT. *See* N.D. Ind. L.R. 5-3;

(2)     the provisions in ⁋ 14(b) addressing the return or destruction of Confidential Information after the termination of this suit shall not apply to the Court or Court personnel; and

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). Because the proposed protective order does not authorize the parties to file or maintain a document under seal absent further leave of Court, it enjoys lesser scrutiny.

(3)     while the provisions of the Order will continue to be binding after the termination of the suit pursuant to ⁋ 14(a), the Court will not retain jurisdiction over the Order, as the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See, e.g.*, *EEOC v. Clarice's Home Care Serv., Inc.*, 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N. D. Ind. Aug. 6, 2010).

SO ORDERED.

Entered this 24th day of June 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge