**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ZACHARY DANIEL BURCH,<br><br>     Plaintiffs,<br><br>  vs.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC; TRANS UNION LLC; and<br>PROCOLLECT, INC.,<br><br>     Defendant. | Civil Action No.: 1:26-cv-00155-HAB-ALT |

**REPORT OF PARTIES' PLANNING MEETING**

1. The parties held a planning meeting under Fed. R. Civ. P. 26(f) and agreed to this report on **May 7, 2026**. Austin Griffin participated for Plaintiff Zachary Daniel Burch. Neil Peluchette participated for Defendant Equifax Information Service, LLC ("Equifax"), Katherine Carlton Robinson participated for Defendant Trans Union, LLC. Defendant ProCollect, Inc. has yet to appear in this case and is currently securing local counsel.

2. Jurisdiction.

   The Parties agree that the Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

3. Pre-Discovery Disclosures.

   __X__ The parties **will exchange**, *but may not file*, Rule 26(a)(1) information by June 26, 2026.
   _____ This case is exempt from initial disclosure pursuant to Rule 26(a)(1)(B) for the following reason(s): [identify bases].

1

4. Discovery Plan.

The parties propose the following discovery plan.

a.       Discovery will be needed on the following subjects:

**Plaintiff**: Plaintiff anticipates conducting discovery on the following subjects:

- The circumstances surrounding Defendants' collection, verification, furnishing, and reporting of the consumer information at issue in this case in compliance with 15 U.S.C. § 1681e(b);

- Defendants' policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b);

- Defendants' policies and procedures utilized to assure compliance with their respective duties conferred under the FCRA, as applicable;

- Defendants' policies and procedures regarding deceased reporting;

- Defendants' maintenance, preparation, and publication of Plaintiff's alleged consumer reports;

- Defendants' communications with third parties concerning Plaintiff and/or Plaintiff's consumer file;

- Defendants' communications with furnishers concerning Plaintiff and/or Plaintiff's consumer file;

- Defendants' policies and procedures governing all of the foregoing; and

- Third party discovery necessary to establish causation and damages.

**Defendant Equifax:** Equifax anticipates conducting discovery on the following issues and topics: (a) the facts and circumstances surrounding the allegations of Plaintiff's Complaint; (b) Plaintiff's alleged damages; (c) whether there is any causal relationship between

Plaintiff's alleged damages and any consumer report(s) issued by Equifax or any action or inaction of Equifax; (d) Plaintiff's financial and consumer history; (e) any communications between Plaintiff and Equifax; (f) any communications between Plaintiff and any other party; (g) Plaintiff's failure to mitigate his alleged damages; (h) any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and (i) any discovery necessitated by pleadings and other discovery.

**Defendant Trans Union:** Trans Union anticipates conducting discovery on the following issues and topics: (a) the facts and circumstances surrounding the allegations of Plaintiff's Complaint; (b) Plaintiff's alleged damages; (c) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Trans Union or any action or inaction of Trans Union; (d) Plaintiff's financial and consumer history; (e) any communications between Plaintiff and Trans Union; (f) any communications between Plaintiff and any other party; (g) Plaintiff's failure to mitigate his alleged damages; (h) any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and (i) any discovery necessitated by pleadings and other discovery.

Defendant ProCollect: ProCollect anticipates conducting discovery on Plaintiff's allegations, claims, and damages, the consumer reporting agencies' credit files for Plaintiff, communications between the parties, discovery from any third parties designated as individuals and entities with relevant knowledge, and the validity of the alleged debt. ProCollect also anticipates conducting discovery regarding its affirmative defenses.

b.     Disclosure or discovery of electronically stored information should be handled as follows:

Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary. The parties further agree that, should the need arise, they will work together in a good faith attempt to resolve any disagreement about ESI without the need for judicial intervention, to the extent practicable. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of

4

Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

    c.    The last date to complete all discovery is **April 7, 2027**.

    d.    Maximum of **10** depositions by Plaintiff and **10** by Defendant.

    e.    Each deposition is limited to a maximum of **7** hours unless extended by stipulation.

    f.    The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

**February 5, 2027** for Plaintiff;

**March 5, 2027** for Defendant;

**March 19, 2027** for Rule 26(e) supplements.

5. Other Items.

    a.    The last day the Plaintiff may seek permission to join additional parties and to amend the pleadings is **August 7, 2026.**

b.      The last day the Defendants may seek permission to join additional parties and to amend the pleadings is **August 21, 2026.**

c.      The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

d.      The last day the parties may file a dispositive motion is **May 21, 2027.**

e.      The case should be ready for **jury** trial by **October 4, 2027**, and, at this time, is expected to take approximately **5-7** days.

f.      At this time, all Parties **do not consent** to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

g.      Electronic Service:

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means. Trans Union will endeavor to send courtesy copies to the email addresses listed below, but proposes that service shall be perfected under the Rules when made upon counsel of record.

| PARTY | EMAIL SERVICE ADDRESSES |
|---|---|
| Plaintiff | Austin Griffin (agriffin@consumerjustice.com) |

| | Mehak Rizvi (mrizvi@consumerjustice.com)<br>Susan Allsopp (sallsopp@consumerjustice.com)<br>Aaron Corral (acorral@consumerjustice.com) |
|---|---|
| Defendant Equifax | Neil Peluchette (NPeluchette@taftlaw.com)<br>Kate Stein (kate.stein@equifax.com)<br>Janise Jordan (janise.jordan@equifax.com) |
| Defendant Trans Union | Hope Blankenberger hblankenberger@qslwm.com<br>Scott Brady sbrady@qslwm.com<br>Paralegals paralegals-indianapolis@qslwm.com |
| Defendant ProCollect | jbowdich@bowdichlaw.com<br>kkuesel@bowdichlaw.com |

6. Alternative Dispute Resolution.

The case's settlement prospects may be enhanced via the following ADR procedure:

_____ Mediation

_____ The Parties have agreed upon _____ as mediator.

__X__ Other: Plaintiff, ProCollect and Trans Union suggest a settlement conference presided over by a neutral Magistrate Judge at or near the close of discovery.

//

Dated: June 24, 2026,

<table>
<tr><td>

*/s/ Austin Griffin*
Austin Griffin, FL #117740
*(admitted Pro Hac Vice)*
CONSUMER JUSTICE LAW FIRM PLC
8095 N. 85th Way
Scottsdale, AZ 85258
T: (305) 433-3252
F: (480) 613-7733
E: agriffin@consumerjustice.com

Mehak Rizvi, Bar #6341462
CONSUMER JUSTICE LAW FIRM PLC
8095 N 85th Way
Scottsdale, AZ 85258
T: (602) 807-1519
F: (480) 613-7733
E: mrizvi@consumerjustice.com

*Attorneys for Plaintiff,*
*Zachary Daniel Burch*

</td><td>

*By: /s/ Neil R. Peluchette*
Neil Peluchette (IN #35577-82)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Facsimile: (317) 713-3699
npeluchette@taftlaw.com

*Counsel for Defendant Equifax Information*
*Services, LLC*

*/s/Hope Blankenberger*
Hope Blankenberger, Esq. (IN# 381333-49)
Quilling, Selander, Lownds, Winslett &
  Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN  46290
Telephone:  317-497-5600, Ext. 614
Fax:  317-899-9348
E-Mail:  hblankenberger@qslwm.com

*Counsel for Defendant,*
*Trans Union, LLC*

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, I electronically filed the following document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/ Aaron Corral*